## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DNOW L.P., | § | |
| | § | |
| Plaintiff/Petitioner, | § | |
| | § | |
| v. | § | CIV. A. NO.: _____ |
| | § | |
| CHIDINMA CHISIMDI "JANET" OKORO, | § | |
| | § | |
| Defendant/Respondent. | § | JURY TRIAL DEMANDED |

## TEMPORARY RESTRAINING ORDER

Plaintiff and Petitioner DNOW L.P. ("DNOW") has sued Defendant and Respondent Chidinma Chisimdi "Janet" Okoro ("Okoro") for violation of the Computer Fraud and Abuse Act, breach of fiduciary duties, conversion, and fraud by non-disclosure.  DNOW seeks a temporary restraining order, a preliminary and permanent injunction, and other relief.

Based on the Verified Complaint and Application, as well as supporting materials thereto and the applicable law, the Court GRANTS DNOW's Application for Temporary Restraining Order.  The Court finds that DNOW has made the necessary showing that unless a temporary restraining order is issued, Okoro is likely to further her use of funds taken from DNOW before notice can be given and a hearing can be held on DNOW's application for Preliminary Injunction, causing DNOW irreparable harm for which there is no adequate remedy at law.

THEREFORE, the Court ORDERS the following:

     i.   Okoro shall provide to DNOW an accounting of all monies which she took from DNOW within 24 hours after receiving service of the Complaint and this Temporary Restraining Order;

ii.    Okoro shall produce to DNOW a declaration made under penalty of perjury identifying every bank account in her name and every bank account which she has directly or indirectly controlled, or to which she has had access or actually accessed, directly or indirectly, since September 1, 2014, to the present within 24 hours of service of process of the Complaint and this Temporary Restraining Order;

iii.    Okoro shall produce to DNOW a current statement of every bank account in her name or that is under her custody or control within 24 hours of service of process of a the Complaint and this Temporary Restraining Order;

iv.    Okoro shall produce to DNOW a current statement of every bank account in her name or that is under her custody or control for the period of September 2014 to the present within 72 hours of service of process of a this Complaint and Application and a copy of the Temporary Restraining Order;

v.    Okoro is restrained from spending any monies in sums greater than $200.00;

vi.    Okoro shall submit a request to spend more than $200.00, should she need to for legitimate purposes;

vii.    Okoro shall disclose the names and last known contact information, including address, employer, any and all phone numbers, and any and all email addresses of the individuals who she utilized to withdraw funds from accounts to which she transferred monies in the transactions listed in Exhibit C (filed under seal with the Court);

viii.    Okoro surrender her passport to this Court, until the Court determines that she may travel without expending funds rightfully belonging to DNOW; and

ix.    All banks/financial institutions listed in Exhibit C to DNOW's Complaint and Application for Temporary Restraining Order shall freeze for 14 days from the date of this Temporary Restraining Order the accounts listed in Exhibit C such that funds may not be withdrawn from those accounts. Such freeze shall be effective upon service of the Complaint and this Temporary Restraining Order on each respective bank/financial institution.

IT IS SO ORDERED.

Signed this the ___ day of _____ 2016 at Houston, Texas at _____ __.m.


_____
UNITED STATES DISTRICT JUDGE